IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| VIRGINIA RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:09cv436-MHT |
| | ) | (WO) |
| HERBERT HICKS and DLI | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |


OPINION AND ORDER

Plaintiff Virginia Richardson brought this lawsuit in
state court seeking damages arising out of a motor
vehicle accident that occurred in November 2008 in Macon
County, Alabama.   Defendant DLI Transportation, Inc.
(DLI) removed this lawsuit based on diversity-of-
citizenship jurisdiction.   28 U.S.C. §§ 1441 & 1331.
Richardson now moves for remand arguing, inter alia, that
DLI has failed to demonstrate that the $ 75,000 amount-

in-controversy requirement is met in this case.[*]

Richardson also argues that, pursuant to 28 U.S.C.

§ 1447(c), removal is unreasonable and the court should

award her fees and costs incurred as a result.  For the

following reasons, Richardson's remand motion will be

granted, but her request for fees and costs will be

denied.

I.

Richardson's complaint alleges that, while she was

operating a vehicle on I-85 in Macon County, Alabama, she

was rear-ended by a vehicle owned by DLI and operated by

--------------------------------------------------

   * Richardson also moved for remand arguing that DLI's
removal was untimely pursuant to 28 U.S.C. § 1446(b)
because the case was removed more than 30 days after
process was first served on DLI's co-defendant, Herbert
Hick's.  However, the Eleventh Circuit utilizes the
"last-served defendant rule, which permits each
defendant, upon formal service of process, thirty days to
file a notice of removal pursuant to § 1446(b)." Bailey
v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1209 (11th
Cir. 2008) (emphasis added).  DLI was served on April 14,
2009, and filed its notice of removal on May 14, 2009,
complying with the 30-day requirement under the last-
served defendant rule.

defendant Herbert Hicks.  As a consequence of this accident, she suffered property damage and permanent physical and personal injuries.  She also claims that her earning capacity has been diminished and that she faces medical bills requiring her to expend "large sums of money."  Compl. at 3.  She sues both Hicks and DLI for general negligence; she sues DLI alone for negligent entrustment.

## II.

Where damages have not been specified by the plaintiff, a removing defendant has the burden of proving by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement for diversity jurisdiction is met.  Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002).  The defendant must do so by presenting documents received from the plaintiff "which contain an unambiguous statement that clearly establishes federal jurisdiction."  Lowery v. Alabama

3

<u>Power Co.</u>, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).
The court may not "speculate in an attempt to make up for
the notice's failings."   <u>Id</u>. at 1213.   "If the
jurisdictional amount is either stated clearly on the
face of the documents before the court, or readily
deducible from them, then the court has jurisdiction.  If
not, the court must remand."  <u>Id</u>. at 1211.

    Finally, "[r]emoval statutes are construed narrowly;
where plaintiff and defendant clash about jurisdiction,
uncertainties are to be resolved in favor of remand."
<u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir.
1994).


                          III.

    Although she states that her injuries are "permanent"
and her medical bills are "large," Compl. at 3,
Richardson has not specified her damages.  Therefore the
burden lies with DLI to demonstrate by a preponderance of

the evidence that federal jurisdiction is proper.  DLI is clearly unable to carry this burden.

In the notice of removal, DLI offers nothing more than the unsupported declaration: "Upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars." Notice Removal at 2.   DLI attempts to explain this conclusion in its opposition to remand; it argues that, based on the severity of Richardson's injuries, as described in the complaint itself, a "jury, if it believes her facts, could reasonably return a verdict for Plaintiff at or above the jurisdictional minimum."  Opp. M. Remand at 14.  This is simply not the standard.  The court does not ask what verdict a jury could return, for it invites precisely the kind of "unabashed guesswork" that Lowery prohibited. 483 F.3d at 1210.  Instead, the court looks to the documents received from the plaintiff and asks whether they "contain an unambiguous statement that clearly establishes federal jurisdiction."  Id. at

1213 n.63.  No such documents have been presented to this court.

DLI also seeks to establish the amount in controversy by analogizing to awards in allegedly similar cases.  The Lowery court rejected this type of argument for two reasons.  First, such "evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b)."  483 F.3d at 1221.  Second, "[e]ven if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." Id.  Both of these concerns are present in this case, and the court will not entertain the argument.

As such, DLI is unable to demonstrate by a preponderance of the evidence that removal is proper; the remand motion will be granted.

IV.

Finally, Richardson argues that, pursuant to 28 U.S.C. § 1447(c), she should be awarded the fees and costs that have resulted from DLI's "vexatious" removal. M. Remand at 7.  The Supreme Court has explained that the appropriate test for awarding fees under § 1447(c) should balance Congress's "desire to deter removals sought for the purpose of prolonging litigation" with its decision "to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  Therefore, the court rejected a presumption in favor of awarding fees and clarified that, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  Id. at 140.

7

DLI has misunderstood the relevant law governing removal and clearly lacks documentation to support removal; nevertheless, the court is not prepared to say that DLI's removal was designed to prolong litigation or lacked an objectively reasonable basis.  The Eleventh Circuit Court of Appeals itself admitted that it can be difficult to apply the preponderance-of-the-evidence standard in the removal context and that it requires the court to force a "square peg into a round hole." <u>Lowery</u>, 483 F.3d at 1211.  As such, courts must tolerate some confusion and error on the part of removing defendants. Even more, where a plaintiff has claimed serious, permanent injuries, large medical bills, and the loss of earning potential, it is not unreasonable to think that the amount in controversy exceeds $ 75,000.  DLI is correct that, with only these vague assertions to consider, a jury <u>could</u> award more than $ 75,000 in damages.  Although the court has explained that this is not the standard to apply in such cases, it recognizes

8

that this is not an objectively unreasonable argument to make.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Virginia Richardson's motion to remand (doc. no. 1) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama for want of subject-matter jurisdiction.

It is further ORDERED that plaintiff Richardson's request for fees and costs (doc. no. 1) is denied.

It is further ORDERED that plaintiff Richardson's motion to suspend Rule 26(f) report (doc. no. 9) is denied as moot. The report is no longer required.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23rd day of June, 2008.

　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　UNITED STATES DISTRICT JUDGE